**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DUJAN MANLEY,

                Plaintiff,

      v.                                                    No. 1:16-CV-796 (NAM/CFH)

CHAMPLAIN STONE, LTD;
JOHN DOE; JOHN DOE; JANE DOE,

                Defendants.

---

**APPEARANCES:**                                     **OF COUNSEL:**

DUJAN MANLEY
206-471-587
Plaintiff Pro Se
Buffalo Federal Detention Facility
420 Federal Drive
Batavia, New York 14020

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[1]

Presently pending before this Court is an application to proceed in forma pauperis ("IFP") and a complaint filed by pro se plaintiff Dujan Manley. Dkt. Nos. 1, 7. Also pending is plaintiff's motion for appointment of counsel. Dkt. No. 4. Plaintiff has not paid any filing fee relating to this action. Id. This case was administratively closed to afford plaintiff an opportunity to comply with the filing fee requirement. Dkt. No. 6. On August 25, 2016, plaintiff filed a new IFP application complete with an inmate

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

authorization form. Dkt. Nos. 5, 7.

## I. IFP

After reviewing plaintiff's renewed IFP application, the undersigned finds that he may properly proceed IFP.[2]

## II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is the court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.[3]

A court should not dismiss a complaint if the plaintiff has stated "enough facts to

---

[2] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in federal court without prepayment of the filing fee that would ordinarily be charged." Cash v. Bernstein, No. 09-CV-1922 (BSJ/HPB), 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not repay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." Id. (citing 28 U.S.C. § 1915(b) and Harris v. City of New York, 607 F.3d 18, 21 (2d Cir. 2010)). Further, although plaintiff has been granted IFP status, plaintiff is advised that he is also required to pay any copying and/or witness fees he may incur in this action should the matter proceed.

[3] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff with his copy of the Report-Recommendation and Order.

state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). The pleadings submitted by pro se litigants thus merit "special solicitude." Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994).

### B. Complaint

Plaintiff alleges that, on July 2, 2014, while working at Champlain Stone, LTD ("Champlain Stone"), he sustained an injury to the cartilage of his left ear when he was struck by a rock from a stone cutting machine operated by another employee. Dkt. No. 1 at 3. Plaintiff was then taken to a nearby hospital where he received three stitches. Id. The next day following this incident, a manager at Champlain Stone fired plaintiff because he was "not a U.S. citizen" and his visa did not authorize him to work in the U.S. Id.

**1. Claims under 42 U.S.C. § 1983**

Plaintiff purportedly brings this action for alienage-based employment discrimination pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Section 1983 claims apply only to "person[s] acting under the color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted); see also Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.") (citations omitted). Plaintiff alleges that the discriminatory conduct was precipitated by private parties – Champlain Stone and three unnamed employees of that business. Dkt. No. 1 at 1. "As the Supreme Court has held, 'the under-the-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Augustus v. AHRC Nassau, 13-CV-6227 (PKC), 2013 WL 6173782, at *2 (E.D.N.Y. Nov. 13, 2013) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1982) (additional citations omitted). Plaintiff fails to allege any facts plausibly suggesting a nexus between defendants and any state action, thus warranting dismissal of his Section 1983 claims for failure to state a cause of action.

However, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Acknowledging plaintiff's pro se status and this Circuit's guidance to liberally construe pro se submissions, Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)), it appears that plaintiff's claim may be more appropriately brought under 42 U.S.C. § 1981(c). See Phillips v.

Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in this pleadings."). Accordingly, the undersigned will perform the section 1915(e) review of the plaintiff's complaint as if it were properly brought under § 1981.

### 2. 42 U.S.C. § 1981

Affording plaintiff's alienage-based discrimination allegations the benefit of a liberal construction, it is apparent that 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1911, provides the only plausible basis under which his claim may be brought.

Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Further, § 1981(c) states that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination . . . ." 42 U.S.C. § 1981(c). The Second Circuit has construed § 1981 to provide a claim against private discrimination on the basis of alienage. See Anderson v. Conboy, 156 F.3d 167, 180 (2d Cir. 1998) ("We hold that Section 1981, at least since the 1991 amendment, proscribes private alienage discrimination with respect to the rights set forth in the statute."). It is well-

established in the Second Circuit that, in the employment context, at-will employees may sue under § 1981. See Lauture v. Int'l Bus. Machines Corp., 216 F.3d 258, 260 (2d Cir. 2000); see also Lazaro v. Good Samaritan Hosp., 54 F. Supp.2d 180, 185 (S.D.N.Y. 1999) ("[A]t-will employees have a 'contract' for purposes of § 1981.") (citation omitted).

Finally, "§ 1981's protections against discrimination extend to all lawfully present aliens . . . ." Juarez v. Nw. Mut. Life Ins. Co., 69 F. Supp.3d 364, 368-69 (S.D.N.Y. 2014) (citing 42 U.S.C. § 1981) ("All persons within the jurisdiction of the United States shall have the same right . . . .")); see also Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410, 419-20 (1948) ("The protection of [§ 198, then codified at 8 U.S.C. § 41] has been held to extend to *all aliens* as well as to citizens . . . . The Fourteenth Amendment and the laws adopted under its authority thus embody a general policy that *all persons lawfully in this country* shall abide 'in any state' on an equality of legal privileges with all citizens under non-discriminatory laws.") (emphasis added) (footnote and citation omitted).

Here, plaintiff has alleged that he was employed by Champlain Stone, which appears to be a private corporation. See generally Dkt. No. 1. As Champlain Stone is a New York corporation, and plaintiff has alleged that his employment was carried out at the business, this employment relationship is presumed to be at-will. See Baron v. Port Auth. of New York & New Jersey, 271 F.3d 81, 85 (2d Cir. 2001) ("In New York, it has long been 'settled' that 'an employment relationship is presumed to be a hiring at will.'") (citations omitted); Dkt. No. 1 at 3. Plaintiff's at-will employment is sufficient to

constitute a "contract" for purposes of § 1981.  Lauture, 216 F.3d at 260; Lazaro, 54 F. Supp.2d at 185.  Moreover, plaintiff has alleged that he was terminated due to the fact that he is not a U.S. citizen and that his visa does not authorize working in the U.S. Dkt. No. 1 at 3.  Accepting as true, as the Court must at this stage, that plaintiff is lawfully in the United States on a visa, then he would be considered to be "lawfully present" in the U.S. and § 1981's protections would be extended to him.[4]  Juarez, 69 F. Supp.3d at 368-69.  As plaintiff contends that he was fired because of his alienage status, he has, at this early stage, sufficiently alleged alienage-based employment discrimination, which gives rise to a private discrimination claim under the § 1981. Anderson, 156 F.3d at 180; Dkt. No. 1 at 3.

### i. Personal Involvement of John and Jane Doe Defendants

Plaintiff's complaint names four defendants – Champlain Stone, two John Does, and one Jane Doe.  Dkt. No. 1 at 2.  To establish a claim for personal liability under § 1981, "a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action . . . . [P]ersonal liability under section 1981 must be predicated on the actor's personal involvement."  Patterson v. County of Oneida, N.Y., 375 F.3d 206, 229 (2d Cir. 2004) (quoting Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000) (internal citations omitted)).  Plaintiff has not alleged that any of the John Doe defendants were personally involved with the alleged alienage-

---

[4] Liberally reading the complaint, plaintiff implies that he has a visa, but that such visa does not permit him to work in the United States.  See Dkt. No. 1 at 3.

based discrimination.  See generally Dkt. No. 1.  He asserts only that a manager at Champlain Stone told him that he was fired because he was not a U.S. citizen and did not have a visa that permitted him to work in the U.S.  Dkt. No. 1 at 3.  Plaintiff has not identified the name of the manager.  Although he has not indicated as such, it is possible that plaintiff intended to name the manager as one of Doe defendants.  Further, plaintiff has not alleged any facts about the involvement of the remaining Doe defendants.  Beyond listing two John Doe defendants and a Jane Doe defendant in the caption, plaintiff has not made any mention of these defendants elsewhere in the complaint.  Thus, as the Court cannot discern from the complaint how any of these unnamed defendants violated plaintiff's constitutional rights plaintiff's complaint fails to satisfy the personal involvement requirement for a § 1981 claim insofar as plaintiff seeks to establish personal liability for the John and Jane Doe defendants.

Therefore, the court recommends that plaintiff's § 1981 alienage-based discrimination claim against the John and Jane Doe defendants be dismissed without prejudice.  Should plaintiff wish to pursue claims against the manager and/or the Doe defendants, it is recommended that plaintiff be permitted to submit an amended complaint to the Court within thirty (30) days of the date of the adoption of this Report-Recommendation & Order identifying the John and Jane Doe defendants, by name; clarifying whether he intended to name the "manager" as one of the Doe defendants; and setting forth, with sufficient detail, how these defendants violated plaintiff's rights under section 1981.

### ii. Liability of Defendant Champlain Stone

Barring certain limitations, an employer may be held liable based on the theory of respondeat superior under § 1981 for the discriminatory acts committed by employees holding supervisory positions. Negussey v. Syracuse Univ., No. 95-CV-127, 1997 WL 141679, at *6 (N.D.N.Y. Mar. 24, 1997) ("[E]xcept in cases of harassment by nonsupervisory coworkers, the employer is liable for the acts of supervisors under the rule fo respondeat superior in . . . § 1981 cases."). Here, plaintiff has alleged that, following his injury, "the manager" told him that he was being fired because he is not a U.S. citizen and because his visa did not allow him to work in the U.S. Dkt. No. 1 at 3. Affording the pro se plaintiff's pleadings a liberal construction, plaintiff may be able to sufficiently plead a cause of action for discrimination under § 1981 against Champlain Stone, assuming that the manager was a supervisory employee. However, plaintiff has not identified the manager, specified whether he or she actually holds a supervisory role for purposes of respondeat superior liability under § 1981, or even indicated whether it was the manager who made the actual decision to terminate him. Dkt. No. 1 at 3.

Accordingly, the undersigned recommends that plaintiff's claim against Champlain Stone, insofar as plaintiff seeks to hold Champlain Stone liable for § 1981 alienage-based discrimination on the theory of respondeat superior, be dismissed without prejudice. It is further recommended that plaintiff be given the opportunity to submit an amended complaint to the Court within thirty (30) days of the adoption of this Report-Recommendation & Order, identifying the manager by name, and providing sufficient facts demonstrating whether the manager had a role in his termination, and

whether the manager is a supervisory employee whose acts may bind Champlain Stone for purposes of § 1981 liability on the theory of respondeat superior.

### 3. State Law Negligence Claims

In addition to plaintiff's § 1981 discrimination claims, plaintiff also seeks to hold Champlain Stone liable for the personal injury he sustained to his ear. See Part B supra. Specifically, plaintiff's complaint alleges negligence based on the failure to provide him with "proper work gears [sic]" and "work place negligence." Dkt. No. 1 at 4. Affording plaintiff the luxury of a liberal construction, it appears that plaintiff is attempting to assert theories of liability based on New York Labor Law § 200 and common law negligence.

N.Y. Labor Law § 200(1) provides, in relevant part:

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such person.

Labor Law § 200 "codifies the common-law duty of an . . . employer to provide employees with a safe work place." Romang v. Welsbach Elec. Corp., 47 A.D.3d 789, 789 (N.Y. App. Div. 2nd Dep't 2008) (citing Ross v. Curtis-Palmer Hydro-Elec. Co., 81 N.Y.2d 494, 505 (N.Y. 1993) (citations omitted)). "Courts generally analyze claims brought under both § 200 and the common law simultaneously." Reis v. Vannatta

-10-

Realty, 515 F. Supp.2d 441, 445 n.2 (S.D.N.Y. 2007); see also Kaczmarek v. Bethlehem Steel Corp., 884 F. Supp. 768, 774 (W.D.N.Y. 1995) ("Because both common law negligence and § 200(1) liability are premised on the same underlying theories, [courts] shall consider these claims by way of a single analysis.") (citations omitted). However, "[t]he existence of a duty alone and 'the mere happening of an accident [do] not establish liability on the part of a defendant [;] . . . [rather], plaintiff is required to connect [his] injury to a breach of duty by defendant and to show that defendant's acts were a substantial cause of the events which produced the injury.'" Korean Air Lines Co. v. McLean, 118 F. Supp.3d 471, 486 (E.D.N.Y. 2015).

Here, the only factual assertion plaintiff has made in support of his negligence claim is that he was struck by a rock "from a heavy duty stone cutting machine which was operated by another employee." Dkt. No. 1 at 3. Even giving the complaint the most liberal construction conceivable, plaintiff has alleged, at most, the occurrence of an accident in which a rock somehow came into contact with his ear causing injury. Id. This bare assertion of the mere occurrence of an accident does not, without more, establish liability for negligence. See Korean Air Lines, 118 F. Supp.3d at 486 (explaining that merely alleging the existence of a duty and an injury is insufficient to establish liability for negligence under New York law absent establishing that the breach of that duty was the proximate cause of the injury).

Accordingly, the undersigned recommends that plaintiff's state law negligence claims be dismissed without prejudice. It is further recommended that plaintiff be given an opportunity to submit an amended complaint to the Court within thirty (30) days of

the date of the adoption of this Report-Recommendation & Order providing sufficient facts demonstrating negligence on the part of Champlain Stone and/or its employees.

### III. Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel indicates that he has contacted two law firms seeking to obtain a lawyer to take his case, but has not attached such correspondence. See Dkt. No. 4. Plaintiff also indicates that he lacks the funds necessary to hire an attorney on his behalf. Id.

"A party has no constitutional right to the assistance of counsel in a civil case." Leftridger v. Connecticut State Troopers officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). A federal court is permitted to appoint counsel. 28. U.S.C. § 1915(e)(1)-(2)(A) ("The court may request an attorney to represent any person unable to afford counsel . . .[,but] shall dismiss the case at any time if the court determines that the allegation of poverty is untrue."). Although a court has "broad discretion" in determining whether to appoint counsel, the court must exercise its discretion in accordance with sound legal principles[.]" Wiggins v. Cornelius, No. 9:15-CV-138 (TJM/ATB), 2016 WL 4536880, at *1 (N.D.N.Y. Aug. 30, 2016) (citing Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). The threshold requirement for determining whether to exercise the Court's discretion to appoint counsel is the likelihood of success on the merits of the claim. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). If a court determines that the plaintiff has met the threshold requirement, it will then consider: "the indigents ability to investigate the crucial facts;" "whether conflicting

evidence implicating the need for cross-examination will be the major proof presented;" "the indigent's ability to present the case, the complexity of the legal issues and any special reason in the case why appointment of counsel would be more likely to lead to a just determination." Hodge, 802 F.2d at 61-62.

Plaintiff's complaint fails to provide sufficient facts that would allow the court to adequately assess the likelihood of success on the merits of the claim at this time. Further, this case is at its earliest stages, and it is not yet clear which claims, if any, will continue. Therefore, it is recommended that plaintiff's motion for appointed counsel be denied with leave to renew at an appropriate time.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's IFP application (Dkt. No. 7) is **GRANTED**; and it is further

**RECOMMENDED**, that, pursuant to the Court's review under 28 U.S.C. § 1915(e), plaintiff's complaint be **DISMISSED**; and it is further;

**RECOMMENDED**, that, in light of his pro se status, prior to dismissing plaintiff's complaint in its entirety, he be provided an opportunity to amend his complaint to provide sufficient facts that would support a claim for relief as detailed within this Report, Recommendation & Order; and it is further

**RECOMMENDED**, that, if this Report-Recommendation and Order is adopted in full, plaintiff will be allowed **THIRTY (30)** days from the date of that Order adopting this

Report-Recommendation and Order to file his amended complaint; and it is

**ORDERED**, that, plaintiff's motion for appointment of counsel, Dkt. No. 4, be **DENIED without prejudice**, and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: October 11, 2016
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge